O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK PRUITT,** ) | NO. EDCV 08-1107-MAN |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | AND ORDER |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff filed a Complaint on August 22, 2008, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI"). On November 7, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on May 18, 2009, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, alternatively, remanding the case for a new administrative hearing; and defendant asks that the Commissioner's decision be affirmed. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed his application for SSI on March 24, 2006, alleging an inability to work since February 17, 2006, due to paranoid schizophrenia. (Administrative Record ("A.R.") 79-81, 91.) He has past relevant work experience as a framer for a lumber company. (A.R. 92, 99-100.)

The Commissioner denied plaintiff's claim for benefits initially and upon reconsideration. (A.R. 50-54, 58-62.) On February 26, 2008, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Mason D. Harrell Jr. ("ALJ"). (A.R. 22-47.) On May 19, 2008, the ALJ denied plaintiff's claim (A.R. 8-15), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3).

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since March 24, 2006, the application date. (A.R. 10.) The ALJ further found that plaintiff "is considered to have a 'drug and alcohol condition' and may be eligible for benefits." (*Id.*)

The ALJ determined that plaintiff has the following "severe" impairments: organic mental disorder with history of psychotic symptoms secondary to drug abuse; personality disorder NOS with antisocial features; and a history of drug abuse. (A.R. 10.) However, plaintiff did not have an impairment or combination of impairments that meets or

medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (A.R. 11.)

The ALJ found that plaintiff has the residual functional capacity to perform the strength demands of work at all exertional levels.  (A.R. 12.)  The ALJ further found that:

> [F]rom a non-exertional standpoint, [plaintiff] can perform only moderately complex tasks involving up to four to five-step instructions; he can perform no safety operations; he must wear eyeglasses; people have to talk to him more loudly than normal; he must perform object-oriented work; and he can make no more than occasional contact with others.

(*Id.*)

Based upon the ALJ's residual functional capacity assessment and the testimony of a vocational expert, the ALJ determined that plaintiff's functional limitations did not preclude him from performing his past relevant work as a framer for a lumber company.  (A.R. 14.)

Accordingly, the ALJ concluded that plaintiff has not been under a disability, within the meaning of the Social Security Act, since March 24, 2006, the date the application was filed.  (A.R. 14.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's

decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which

4

exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff presents five issues for this Court's review: (1) whether the ALJ properly considered the treating physician's opinion regarding plaintiff's schizophrenia and assessed GAF score of **40**; (2) whether the ALJ properly considered the treating physician's opinion regarding plaintiff's schizophrenia and assessed GAF score of **45**; (3) whether the ALJ properly considered the state agency findings regarding plaintiff's schizophrenia and episodes of decompensation; (4) whether the ALJ properly considered the licensed social worker's opinion regarding plaintiff's schizophrenia and major thought disorder; and (5) whether the ALJ posed a complete hypothetical question to the vocational expert. (Joint Stipulation ("Joint Stip." at 3.)  The first two issues are addressed together below.

**I.  The ALJ Failed To Set Forth Any Specific And Legitimate Reasons For Rejecting The Opinion Of Plaintiff's Treating Psychiatrist, And The ALJ Improperly Relied On The Opinion Of The Consultative Examiner.**

In assessing a claimant's residual functional capacity, the Social Security Administration's regulations favor "the opinion of a treating physician over non-treating physicians." Orn, 495 F.3d at 631; *see also*

Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); 20 C.F.R. § 416.927(d)(1)-(2). Generally, a treating physician's opinion is given greater weight, because "'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Magallanes v. Brown, 881 F.2d 747, 751 (9th Cir. 1989)(citation omitted). If a treating physician's opinion is "well-supported by medically-acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." 20 C.F.R. § 416.927(d)(2).

If there is "substantial evidence" in the record that contradicts the opinion of a treating physician, such as an examining physician's opinion supported by independent clinical findings, the opinion of the treating physician is no longer entitled to controlling weight. Orn, 495 F.3d at 632. However, a finding that the treating physician's opinion "is not entitled to controlling weight does not mean that the opinion is rejected." Social Security Ruling 96-29 at 1 ("In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). In this instance, the Social Security regulations still require deference to the treating physician's opinion, but the weight accorded it is governed by the factors listed in the regulations, such as length, nature, and extent of the treatment relationship, frequency of examination, and supportability. 20 C.F.R. § 416.927(d)(2); Orn, 495 F.3d at 632-33. When the opinion of a treating physician is contradicted, it may be rejected by the ALJ only for "specific and legitimate" reasons based on substantial evidence in

the record. <u>Reddick</u>, 157 F.3d at 725; <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).

In an October 2005 Discharge Summary Report, Dan Zimbroff, M.D., of the Riverside Center for Behavioral Medicine, with whom plaintiff initially treated from October 5, 2005 (admission date), through October 21, 2005 (discharge date), diagnosed plaintiff with schizophrenia, paranoid type, and assessed plaintiff with a Global Assessment of Functioning ("GAF") of 40.[1]  In an October 5, 2005 Initial Psychiatric Evaluation Form, it was noted that plaintiff "has used cocaine infrequently over the past few months," along with "occasional marijuana use." (A.R. 170.) Dr. Zimbroff reported that plaintiff was "disheveled and thin. Behavior is appropriate culturally, however, fidgety, guarded, and suspicious with sparse speech." (A.R. 168.) Dr. Zimbroff described plaintiff's affect and mood as "hostile, agitated, and guarded [and his] thought content is noted to be positive for delusional thinking and ideas of reference." (*Id.*) Notably, Dr. Zimbroff reported that plaintiff "has auditory hallucinations," and during plaintiff's hospital stay, plaintiff experienced "continued auditory hallucinations and minimizing symptoms, but with prominent paranoia." (*Id.*)

In an April 2006 Discharge Summary Report, following plaintiff's subsequent hospitalization from March 3, 2006, through April 10, 2006

---

[1] A GAF of 31 to 40 involves "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." Diagnostic and Statistical Manual of Mental Disorders Text Revision, 34 (4th ed. 2000) ("DSM-IV-TR").

(A.R. 160), Dr. Zimbroff again diagnosed plaintiff with schizophrenia, paranoid type, and this time assessed plaintiff with a GAF of 45.[2]  In a March 9, 2006 Initial Psychiatric Evaluation form, it was noted that plaintiff's "past use" of "cocaine/stimulants" was "4 months ago," and plaintiff's "last use [of] marijuana/hallucinogens" was "1 week ago." (A.R. 164.)  Dr. Zimbroff noted that plaintiff's "[a]ffect and mood were blunted and anxious with periods of agitation." (A.R. 160.)  Dr. Zimbroff reported that plaintiff's "[t]hought processes were vague and confused.  Thought perception was noted for auditory hallucinations.  Insight and judgment was fair-to-limited." (*Id.*)  Dr. Zimbroff reported that with medication, plaintiff noted "some slight improvement initially in [his] level of auditory hallucinations and paranoid thoughts." (*Id.*)

In the instant case, the ALJ implicitly rejected Dr. Zimbroff's diagnosis of schizophrenia, paranoid type, and his GAF assessments of 40 and 45, and instead relied on the opinions of Clifford Taylor, Ph.D, a consultative psychologist, and Joseph Malancharuvil, Ph.D, a psychologist and non-examining medical expert, in assessing plaintiff's residual functional capacity.[3]  (A.R. 11.)  However, the ALJ's failure

---

[2]   A GAF of 41-50 involves "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  DSM-IV-TR at 34.

[3]   Dr. Taylor, on whose opinion both Dr. Malancharuvil and the ALJ relied, opined that plaintiff

> does not present with schizophrenia, . . . [but] his presentation was more consistent with a long-term cocaine and alcohol abuse problem that can cause psychotic reactions. . . .  As a result there is no credible evidence of impairment in his ability to understand, remember, and carry out job instructions, maintain attention, concentration, persistence and pace, relate and interact with supervisors, coworkers, and

8

to discuss Dr. Zimbroff's opinions, much less articulate *any* specific and legitimate reasons for rejecting them, constitutes error. While defendant correctly notes that low GAF scores do not compel a finding of disability, Dr. Zimbroff's GAF assessments of 40 and 45 are consistent with his opinions of plaintiff's condition. Those opinions discuss plaintiff's serious symptoms, which the ALJ failed to address in his decision, much less properly reject in accordance with the governing legal standard. (Joint Stip. at 6, 9.)

Moreover, the opinion of Dr. Taylor, on which both Dr. Malancharuvil and the ALJ relied, may not be based on substantial evidence. In his January 9, 2007 consultative psychological evaluation report, Dr. Taylor stated that he only reviewed the following medical records: (1) an October 2005 discharge note; (2) a March 2006 note; and (3) associated hand-written notes from the Department of Corrections. (A.R. 252.) Critically, Dr. Taylor stated that, "[t]here were no other medical records available for review prior to the preparation of [his] report." (*Id*.) The record contains much more medical evidence than that provided to Dr. Taylor. (*See, e.g.*, A.R. 174-77 - Mental RFC Assessment dated 5/16/06; A.R. 178-91 - Psychiatric Review Technique dated 5/16/06; A.R. 192-250 - medical records, treatment notes, and progress reports dated 9/29/03, through 12/15/06, from the State of California, Department of Corrections.) In view of this, it is unclear

---

the public, or adapt to day-to-day work activities outside of his drug abuse.

(A.R. 13, 256.) In reliance on Dr. Taylor's opinion, Dr. Malancharuvil opined that "when [plaintiff] was using drugs, he most likely had drug-induced psychotic symptoms, but had none when he was not using drugs." (A.R. 11.)

1 whether Dr. Taylor based his assessment on a sufficiently complete
2 picture of plaintiff's condition. *See* 20 C.F.R. § 416.917 ("If we
3 arrange for [a consultative] examination or test, . . . [w]e will also
4 give the examiner any necessary background information about your
5 condition."). In Ladue v. Chater, 1996 WL 83880, *5 (N.D. Cal. 1996),
6 the court concluded that a case must be remanded when "[t]he ALJ failed
7 to conform to 20 C.F.R. § 404.1517 requiring that the consultative
8 examiner be provided with necessary background information regarding the
9 claimant's condition," because the consultative examiner "was provided
10 with only one progress note from Kaiser" and the court found that "it
11 appears from the record that the ALJ gave [the] consultative report
12 considerable weight, even though [the consultative examiner] was lacking
13 important background information regarding plaintiff." *See also* Nalley
14 v. Apfel, 100 F. Supp. 2d 947, 953 (S.D. Iowa 2000)("when a claimant is
15 sent to a doctor for a consultative examination, *all* the available
16 medical records should be reviewed by the examiner"); Hurstrom v.
17 Barnhart, 233 F. Supp. 2d 1159, 1166 (S.D. Iowa 2002)("There is no
18 indication that either [consultative physician] had access to any of the
19 medical records which were available at the time of their examinations.
20 . . . Even if Plaintiff told the consulting doctors that he had no
21 limitations, these statements are not credible in light of the numerous
22 laboratory reports showing that his blood sugar is out of control.").

24     Consequently, because Dr. Taylor assessed plaintiff's residual
25 functional capacity without a complete review of plaintiff's medical
26 records, the Court cannot conclude that Dr. Taylor's opinion constitutes
27 substantial evidence. *See* 20 C.F.R. § 416.945(a) (a claimant's residual
28 functional capacity is an assessment based upon all of the relevant

evidence); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)(medical expert opinions constitute substantial evidence only when they are supported by the record and consistent with it).

Although not raised as an issue by the parties, it is unclear to the Court whether the payment of benefits to plaintiff is prohibited by plaintiff's substance abuse.  On the one hand, the ALJ downplayed the significance of plaintiff's substance abuse on his mental impairment(s), concluding that "[t]here is no evidence to contradict [plaintiff's] allegation that he has not used drugs for two years." (A.R. 11.)  On the other hand, the ALJ concluded that plaintiff's mental limitations are the result of "drug-induced psychotic symptoms," and when plaintiff "abstains from substance abuse, his psychotic symptoms are well-controlled." (A.R. 11, 14.)  Given plaintiff's documented drug use prior to and during the period in question, it is unclear whether or not plaintiff's substance abuse is a "contributing factor material to" his mental limitations, and the ALJ should have engaged in the requisite two-step substance abuse analysis.[4]  (*See, e.g.,* A.R. 164 - treatment note dated March 9, 2006, documenting that plaintiff last used marijuana/hallucinogens "1 week ago"); Bustamante, 262 F.3d at 954; *see also* Souza v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998)(ALJ erred by

---

[4] First, the ALJ must evaluate which of the claimant's physical and mental limitations would remain if the claimant refrained from drug and alcohol use.  Second, the ALJ must determine whether the claimant's remaining limitations would be disabling.  20 C.F.R. § 416.935(b). However, it is not proper simply to conclude that substance abuse is a contributing factor to the mental impairment without distinguishing between the substance abuse contributing to the disability and the disability remaining if the Plaintiff stopped using drugs or alcohol. Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001)(ALJ improperly concluded that claimant's mental problems were the consequence of his alcohol abuse without attempting to determine the impact of his alcoholism on his other mental impairments).

failing to distinguish between substance abuse "contributing to the disability and the disability remaining after the claimant stopped using drugs or alcohol").

On remand, if, after properly addressing the medical opinion evidence regarding plaintiff's mental impairment(s), the ALJ concludes that plaintiff is disabled *and* there is evidence of his continuing drug and/or alcohol abuse, then the ALJ must undertake the requisite two-step analysis to determine whether plaintiff would still be found disabled if he stopped using drugs and/or alcohol.

**II.  The ALJ Failed To Provide Legally Sufficient Reasons For Disregarding The Findings Of The State Agency Physician.**

Pursuant to the Commissioner's regulations:

> Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists.  However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.  Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence . . . .

20 C.F.R. § 416.927(f)(2)(i).  Moreover, Social Security Regulation 96-

6p makes plain that, although administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, administrative law judges and the Appeals Council "*may not ignore these opinions and must explain the weight given to the opinions in their decisions.*"  *Id.*  (emphasis added).

Plaintiff contends that the ALJ failed to address, and ultimately rejected without providing legally sufficient reasons for doing so, certain findings of the State agency physician contained in a May 15, 2006 Psychiatric Review Technique form. (Joint Stip. at 10; A.R. 178-91.) Specifically, plaintiff contends that the ALJ failed to address the State agency physician's opinion that plaintiff had: (1) diagnoses of "schizophrenia, paranoid, and other psychotic disorders" and "delusions and hallucinations"; (2) *moderate* limitations in maintaining social functioning; and (3) experienced *one to two* episodes of decompensation, each of extended duration. (A.R. 178, 188.)

In his decision, the ALJ stated that he "considered the medical source opinions made by non-examining State Agency consultants" and "the opinion is given significant weight." (A.R. 14.) However, despite the "significant weight" purportedly given to the State agency physician's opinion, the ALJ concluded that plaintiff's mental impairments resulted in only *mild* difficulties in maintaining social functioning and *no* episodes of decompensation. (A.R. 12, 14.) Given this inconsistency, it is unclear whether the ALJ properly considered the opinion of the State agency physician in accordance with the appropriate legal standards.

Accordingly, remand is appropriate to allow the ALJ the opportunity to clarify the weight given to the State agency physician's opinion, and/or to set forth legally sufficient reasons, if any, for rejecting the opinion.

### III. **The ALJ Was Not Required To Discuss The Statements Of The Licensed Social Worker.**

A social worker's opinion is an "acceptable source" of medical evidence only if the social worker acts as an agent of a licensed physician or psychologist. *See* Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996)(non-medical source must work in conjunction with acceptable medical source); *see also* 20 C.F.R. § 416.913(a), (d)(3), (e)(1). The social worker must act so "closely under the supervision" of the treating physician that the social worker's opinion should be "properly considered as part of the opinion" of the physician. Gomez, 74 F.3d at 971.

Moreover, Social Security Regulation ("SSR") 06-3p states, in relevant part, that:

> For opinions from sources such as teachers, counselors, and social workers who are not medical sources, and other non-medical professionals, it would be appropriate to consider such factors as the nature and extent of the relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to

      support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion.

Plaintiff contends that the ALJ committed reversible error by failing to address a one-page "Medical Report" form, dated June 25, 2007, completed by T. Mrozek, a licensed social worker. (A.R. 13.) On this form, Mr. Mrozek noted that plaintiff's diagnosis was "schizophrenia, paranoid, chronic," and his prognosis was "guarded." (A.R. 273.) Mr. Mrozek further noted that plaintiff has experienced "severe and persistent symptoms of a major thought disorder, onset 1992, to current." (*Id.*) Finally, Mr. Mrozek noted that plaintiff's probable duration of incapacity was from June 2007, through December 2007. (*Id.*)

There is no evidence that Mr. Mrozek acted as an agent of any licensed physician or psychologist, or that he acted so "closely under the supervision" of the treating physician that his "opinion" should be "properly considered as part of the opinion" of the physician. Gomez, 74 F.3d at 971. Moreover, as defendant correctly notes, there is no evidence that Mr. Mrozek had any relationship whatsoever with plaintiff, and Mr. Mrozek provided no "evidence to support his . . . opinion." (Joint Stip. at 14-15.) *See* SSR 06-3p. Further, the instructions on this one-page form state that it must be completed by "a physician, psychiatrist, psychologist, or authorized public health dept. medical professional." (A.R. 273.) There is no evidence to suggest that Mr. Mrozek is properly qualified to execute this form. Finally, with respect to Mr. Mrozek's conclusory statement that plaintiff was "permanent[ly]" disabled and unable to work from June 2007, through

December 2007, the issue of whether a claimant is or is not disabled is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(e) (listing issues reserved to the Commissioner, such as determination of disability); *see also* Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986)(conclusory opinions regarding ultimate issue of disability are not binding). Thus, the ALJ was not required to discuss Mr. Mrozek's statements on the one-page form.

**IV.  Until The ALJ Has Properly Considered The Medical Opinion Evidence, The Court Cannot Assess The Adequacy Of The Hypothetical Posed To The Vocational Expert.**

In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422-24 (9th Cir. 1988). For the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews, 53 F.3d at 1044 (holding that hypothetical questions that do not include all of the plaintiff's limitations are insufficient and warrant remand).

Here, the hypothetical *may* be incomplete to the extent that it does not reflect appropriately, in whole or in part, the medical opinion evidence of record. On remand, the ALJ should either properly reject the opinions of plaintiff's treating psychiatrist and the State agency physician in accordance with the appropriate legal standards, or the ALJ must incorporate all of plaintiff's limitations that are not properly rejected into the hypothetical posed to the vocational expert.

**V. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

        IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2010

                                          /s/ Margaret A. Nagle
                                          MARGARET A. NAGLE
                                          UNITED STATES MAGISTRATE JUDGE